IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED

97 AUG 21  PM 2:51

U.S. DISTRICT COURT
N.D. OF ALABAMA

BILLIE PAPPA and LOUIS PAPPA,   )
                                )
      Plaintiffs,               )
                                )
v.                              )      CV97-H-1554-E
                                )
PRO-SOURCE DISTRIBUTION         )
SERVICE, INC., a corporation,   )
BURGER KING, a corporation,     )
and THE UNITED STATES OF        )
AMERICA,                        )
                                )
      Defendants.               )

ENTERED

AUG 21 1997

### MEMORANDUM OF DECISION

The court has before it the motion of Burger King

Corporation (hereinafter referred to as "defendant") for summary

judgment filed January 14, 1997.  In accordance with the July 8,

1997 order, the motion was deemed submitted, without oral

argument, for decision as of August 5, 1997.

Defendant filed its brief in support of the motion for

summary judgment on July 9, 1997.  Plaintiffs filed a brief in

opposition to the motion on July 17, 1997.

### I. BACKGROUND

Plaintiffs commenced this action by filing a complaint in

state court on December 10, 1996 alleging Billie Pappa was

injured in a slip and fall accident at the Burger King restaurant



located at Ft. McClellan, Alabama, on September 3, 1994.   The

plaintiffs named Pro-Source Distribution Service, Inc., Burger

King, and Billie Rivera as defendants.   On January 14, 1997,

Burger King Corporation filed an answer and the instant motion in

state court.   On June 26, 1997, the United States Attorney's

office removed the action to this court and moved to substitute

the United States as party defendant for Billie Rivera,

certifying that Rivera was acting within the scope of her

employment as an employee of the United States at the time of the

alleged incident.   The United States Attorney's office asserted

that the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §

2679(b)(1), applied in this case and that the United States

government was the appropriate defendant.   After notice to the

parties, the court granted the motion to substitute the United

States as a party defendant for Billie Rivera on July 30, 1997.

## II. LEGAL ANALYSIS

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if

the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law."

See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548,

91 L. Ed. 2d 265 (1986). The party asking for summary judgment

always bears the initial responsibility of informing the court of

the basis for its motion, and identifying those portions of the

pleadings, depositions, answers to interrogatories and admissions

on file, together with affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. Once the moving party has met his

burden, Rule 56(e) requires the nonmoving party to go beyond the

pleadings and by his own affidavits, or by the depositions,

answers to interrogatories, and admissions of file, designate

specific facts showing that there is a genuine issue for trial.

Celotex, 477 U.S. at 324. The substantive law will identify

which facts are material and which are irrelevant.  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.

Ed. 2d 202 (1986). All reasonable doubts about the facts and all

justifiable inferences are resolved in favor of the non-movant.

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir.

1993). A dispute is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."

Anderson, 477 U.S. at 248. If the evidence is merely colorable,

or is not significantly probative, summary judgment may be

3

granted.  Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial.  See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991) (en banc)).

If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial.  Fitzpatrick, 2 F.3d at 1115.  If the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial.  If the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.  The

4

second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. The affirmative showing may be accomplished by reference to any combination of the following: pleadings; deposition testimony of a party or its witness; affidavits; responses to interrogatories or failure to respond to interrogatories; requests for admission and responses thereto; and other exchanges between the parties that are in the record. <u>See</u> <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604 (11th Cir. 1991); <u>see also</u> <u>Celotex</u>, 477 U.S. at 332 (Brennan, J., dissenting). If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional

evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.

Defendant argues that plaintiffs' claims against it are barred by the statute of limitations.  Under the Alabama statute of limitations for tort actions, the plaintiffs have two years from the date of the incident in which to file suit.  See ALA. CODE § 6-2-38(l) (1993).[1]  Plaintiffs allege in their complaint that the accident occurred on September 3, 1994.  See Plaintiffs' Comp. ¶4.  However, the complaint was not filed until December 10, 1996, more than two years from the date of the accident. Plaintiffs' claim against defendant Burger King Corporation is thus barred by the statute of limitations.

Plaintiffs argue in their brief that Alabama Code § 6-2-12 works to toll the statute of limitations and consequently the claim against Burger King is not time-barred.  Alabama Code Section 6-2-12 provides: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not computed as part of the limitation time."  (1993).  Plaintiffs are apparently

[1]Alabama Code § 6-2-38(l) provides: "All actions for injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."  (1993).

6

confusing Burger King Corporation with the United States

government.[2]   Burger King Corporation is not an instrument of the

United States government and there has been no stay by injunction

nor statutory prohibition against the plaintiffs suing Burger

King Corporation.[3]   Plaintiffs assert in their brief that the

Chief of the Torts Claim Division for the Department of the Army

denied her claim, granting them six months in which to thereafter

file suit.   Assuming this is true, the plaintiffs may have filed

---

[2]Plaintiffs sued "Burger King" in the complaint and the
franchisor Burger King Corporation filed an answer.   The incident
occurred on government property at the "Burger King" at Ft.
McClellan, Alabama, and plaintiffs have filed a claim under the
FTCA against the United States government.   Burger King
Corporation is not an agent of the United States government and
is therefore not covered by the FTCA or involved in the FTCA
claim.   Plaintiffs assert in their brief in opposition to summary
judgment that "Burger King" contends that it is governed by the
FTCA, citing a letter from the Army & Air Force Exchange Service
("AAFES"), a division of the United States government.   Burger
King Corporation has never contended that it is governed by the
FTCA; however, the AAFES, as it operated the "Burger King" on the
property of Ft. McClellan, does claim that it is governed by the
FTCA.

[3]Furthermore it is not clear that Alabama statute 6-2-12
even applies to actions under the FTCA.   See Childers v. United
States, 442 F.2d 1299, 1303 (5th Cir.), cert. denied, 404 U.S.
857 (1971) (state law provisions normally tolling the statute of
limitations not effective when the claim is under the FTCA); see
also, Maahs v. United States, 840 F.2d 863, 866 n. 4 (11th Cir.
1988) ("extensions and tolls applicable to normal statutes of
limitations do not operate to lengthen the two-year period
described in section 2401(b)" - the FTCA's statute of
limitation).

7

their suit against Billie Rivera, i.e., the United States
government, within the appropriate statute of limitations, but
this has no effect on the timeliness of their suit against the
private party defendant Burger King Corporation.  The Torts Claim
Division of the Army has no authority to grant an extension or
waive a right with regard to a private party as to whom the FTCA
has no application.  The plaintiffs give no other reason for
tolling the statute of limitations as it applies to Burger King
Corporation, and the complaint shows on its face that the action
against Burger King Corporation was brought more than two years
after the incident in question.

Therefore, plaintiffs' complaint is barred by the applicable
statute of limitations and the defendant's motion for summary
judgment is thus due to be granted.

A separate Final Judgment in defendant's favor will be
entered.

DONE this _____21 ST_____ day of August, 1997.

_____
SENIOR UNITED STATES DISTRICT JUDGE

8