FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 OCT 10 PM 12:08

U.S. DISTRICT COURT
N.D. OF ALABAMA

BILLIE PAPPA and LOUIS PAPPA, )
                              )
     Plaintiffs,              )
                              )
v.                            )   CV97-H-1554-E
                              )
PRO-SOURCE DISTRIBUTION       )
SERVICE, INC., a corporation, )
BURGER KING, a corporation,   )
and THE UNITED STATES OF      )
AMERICA,                      )
                              )
     Defendants.              )

ENTERED

OCT 10 1997

## MEMORANDUM OF DECISION

The court has before it the August 25, 1997 motions to dismiss of the defendant the United States. In accordance with the September 8, 1997 order, the motions, treated now as motions for summary judgment, were deemed submitted, without oral argument, for decision as of October 3, 1997.

On August 21, 1997, the court granted the defendant Burger King Corporation's motion for summary judgment. The facts and background of the case are set out in the Memorandum of Decision accompanying the August 21, 1997 order and need not be repeated in this order as plaintiffs asserts similar claims against the defendant the United States. On September 17, 1997, the court also granted the defendant Pro-Source Distribution Service,

Inc.'s motion to dismiss.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. <u>Celotex</u>, 477 U.S. at 324. The substantive law will identify which facts are material and which are irrelevant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). All reasonable doubts about the facts and all

justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991) (en banc)).

If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. If the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in

3

either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. If the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial. The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. The affirmative showing may be accomplished by reference to any combination of the following: pleadings; deposition testimony of a party or its witness; affidavits; responses to interrogatories or failure to respond to interrogatories; requests for admission and responses thereto; and other exchanges between the parties that are in the record. <u>See</u> <u>Clark v. Coats & Clark, Inc.</u>, 929

4

F.2d 604 (11th Cir. 1991); see also Celotex, 477 U.S. at 332 (Brennan, J., dissenting). If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.

### Plaintiff Louis Pappa's claim

Defendant's first motion argues that plaintiff Louis Pappa's claim should be dismissed because Louis Pappa never filed an administrative tort claim as required by the Federal Tort Claims Act ("FTCA"). The FTCA requires that a claimant file an administrative claim with the appropriate federal agency before an action can be instituted against the United States. See 28 U.S.C. § 2675(a). According to the uncontroverted affidavit of Joseph H. Rouse, Chief of the Tort Claims Division of the United States Army, Louis Pappa has never filed an administrative claim with the Army. See Declaration of Joseph H. Rouse, ¶ 3. There is no evidence that he has joined in the administrative claim filed by his wife Billie Pappa. Louis Pappa cannot merely rely on the administrative claim filed by his wife. See Brackin v.

5

United States, 913 F.2d 858, 859-860 (11th Cir. 1990). Because Louis Pappa has never filed an administrative claim in this case as required by the statute and has not joined in the administrative claim filed by his wife, he has failed to exhaust administrative remedies and his claims are due to be dismissed. Therefore, summary judgment in favor of the defendant is due to be granted as it pertains to the claims of plaintiff Louis Pappa.

### Plaintiff Billie Pappa's claim

Defendant's second motion argues that plaintiff Billie Pappa's claims against it should be dismissed because Billie Pappa failed to file suit in an appropriate United States district court within six months of notice of denial of her administrative tort claim. The FTCA provides that a claim is barred "unless action is begun within six months after the date of mailing, by certified or registered mail, of [the] notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Plaintiff Billie Pappa correctly filed an administrative tort claim with the Department of the Army within two years of the alleged incident as required by the FTCA. On June 14, 1996, the Department of the Army informed Billie Pappa in a letter that it was denying her claim. See Final administrative action letter from Joseph H. Rouse,

6

Department of the Army, ¶ 2. In this June 14, 1996 letter, the Department of the Army informed Billie Pappa that she could file suit in an appropriate United States district court if she was dissatisfied with the action taken on her claim. See id. ¶ 3. Plaintiff Billie Pappa filed suit in state court on December 10, 1996 instead of filing suit in the appropriate United States district court. In the state court suit she did not assert a claim against the United States. Even had she asserted such a claim (or were the claim against Billie Rivera viewed as a tort claim against the United States), the state court did not have jurisdiction to entertain such a claim. Billie Pappa's suit should have been filed in the United States district court as jurisdiction over civil actions alleging negligence by federal employees acting in the scope of their employment is vested exclusively in United States District Courts. See 28 U.S.C. § 1346(b). Because plaintiff Billie Pappa did not commence an action in a court with jurisdiction to entertain a tort action against the United States within six months after the denial of her administrative claim, her claim is forever barred. As her claim is barred, summary judgment in favor of the defendant is due to be granted as it pertains to claims brought by plaintiff Billie Pappa.

A separate Final Order Granting Summary Judgment in defendant's favor will be entered.

DONE this 10th day of October, 1997.

_____
SENIOR UNITED STATES DISTRICT JUDGE